FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 11:24 am, Jul 22, 2020

# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 417-060-10 |
| TONY FREEMAN OVERTON, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Tony Overton's motion for compassionate release, as supplemented. Dkt. Nos. 476, 477. For the reasons below, Overton's motion is **DENIED**.

## BACKGROUND

On July 13, 2018, Overton was sentenced in federal court to seventy-one months' imprisonment after pleading guilty to a lesser included offense of Count One of the indictment, i.e. conspiracy to possess with intent to distribute a quantity of MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Dkt. No. 354.

According to the BOP website, Overton is being housed at FCI Jesup in Jesup, Georgia, and has a release date of September 18, 2024.

**LEGAL AUTHORITY**

Compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the

courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

3

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Even if a defendant can show extraordinary and compelling reasons for compassionate release, the Court may not grant release unless it finds:

The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

The reduction is consistent with this policy statement.

Policy Statement, U.S.S.G. § 1B1.13(2)-(3).

Finally, before granting release, the Court must consider the factors listed in 18 § U.S.C. 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
> (5) any pertinent policy statement--
>
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

## DISCUSSION

Overton now moves the Court for compassionate release. Dkt. Nos. 476, 477. Overton submitted an "Inmate Request to Staff" on or about May 13, 2020. Dkt. No. 477 at 2. When asked to describe his concern, Overton wrote:

> I am requesting . . . compassionate release d[ue] to coronavirus. My health is at risk. I have underl[ying] conditions: high blood pressure, overweight, high cholesterol. I do have trouble breath[ing]. I am currently on an inhaler. In my past, I have had a stroke.

Id.

On May 18, 2020, the Warden construed Overton's request as a Reduction in Sentence ("RIS") request based upon compassionate

6

release and denied it.  Id. at 3.  The Warden concluded that Overton's "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from [his] sentence."  Id.  The Warden also instructed Overton that, if he is not satisfied with the Warden's response, he may commence an appeal of the decision via the administrative remedy process.

I.   **Exhaustion of Administrative Remedies**

Generally, before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Id. § 3582(c)(1)(A).  In his motion to the Court, Overton does not state whether he attempted to pursue the administrative remedy appeal process.  The Court is not convinced that Overton has fully exhausted his administrative remedies as required by § 3582(c)(1)(A).  See United States v. Khan, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007) ("If the inmate feels the decision was unfairly meted out, his or her recourse is to appeal that decision to the next administrative level, and, if still dissatisfied with the result at the end of the administrative appeals process, he or she may, at that time, pursue the complaint in federal court. It would defeat the purpose of administrative

review were this court to permit every inmate who was dissatisfied with a denial of relief mid-way through the administrative appeals process to seek judicial review on the ground of futility."). The Government, however, concedes that Overton has exhausted his administrative remedies. Dkt. No. 478 at 5 n.3. As such, the Court continues its analysis of Overton's motion and looks to the statutory language of 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13 Policy Statement, and 18 U.S.C. §§ 3142(g), 3553.

## II. Extraordinary and Compelling Reason

A defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 (S.D. Ga. June 1, 2020); see generally, United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."). In his motion before the Court, Overton cites the medical conditions listed in the RIS request to the Warden as the bases for his compassionate release. Dkt. No. 476 at 1.

Attached to the Government's response in opposition to Overton's motion are his medical records. Dkt. Nos. 478-3, 478-4. Those records reflect Overton's history of hypertension, elevated blood pressure and obesity. The Government notes that obesity is recognized by the CDC as a condition placing a person at increased

risk of severe illness from COVID-19; hypertension is included as one of the "might be at an increased risk" categories. Dkt. No. 478 at 12. The Government also notes, however, that Overton's hypertension might be resolved, and chest x-rays from January 2020 showed adequate lung volumes with no acute cardiopulmonary process, no acute airspace disease and no pulmonary edema. Id. Additionally, while Overton might be obese, his records generally do not support that he has breathing problems; his records also do not reflect any physical or work restrictions. Id. at 13. Ultimately, the Government concedes that, in light of COVID-19, Overton's obesity and possibly his hypertension qualify as an "extraordinary and compelling reason," such that they present "a serious physical or medical condition . . . that substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." Id. at 14; U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)). However, the Government challenges Overton's assertion that the BOP is not taking adequate measures to prevent the spread of COVID-19, as well as Overton's contention that he would be better off at home rather than in BOP custody.

At the time the Government submitted its brief in opposition to Overton's motion, there were no reported cases of COVID-19 in FCI Jesup. See Dkt. No. 478 at 16. According to the BOP website as of July 22, 2020, however, there were confirmed active cases

9

among 177 inmates and thirteen staff members. See bop.gov/coronavirus/. The Court has reviewed Overton's motion, the Government's response, and Overton's medical records. Whether Overton has met his burden of showing "extraordinary and compelling reasons" for compassionate release is a close call in light of COVID-19. As such, the Court will assume, without deciding, that Overton's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished by his chronic medical condition and sets forth an extraordinary and compelling reason for purposes of 18 U.S.C. § 3582(c).

**III. Title 18 U.S.C. §§ 3142(g) and 3553 Factors**

Assuming that Overton has shown an extraordinary and compelling reason for compassionate release, the Court must now examine the factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a). With regard to the § 3142(g) analysis, the Court must determine whether Overton is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(2). This includes considering Overton's character, physical and mental condition; his past conduct; his criminal history; and whether, at the time of the offense, he was on probation or parole. See 18 U.S.C. § 3142(g)(3). The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by [Overton's] release." Id. § 3142(g)(4). Before release can be granted, the

10

Court must also continue to evaluate the factors under § 3553(a), "which include the history and characteristics of the defendant, the nature and circumstances of the offense, the seriousness of the offense, the promotion of respect for the law, just punishment for the offense, . . . deterrence to criminal conduct, and protection of the public from further crimes by the defendant." United States v. Schmidt, 930 F.3d 858, 862 (7th Cir. 2019) (quotation marks omitted).

The Government argues that Overton has not met his burden to show that he qualifies for release under § 3582(c)(1) and urges the Court to use its discretion to deny Overton's motion. Dkt. No. 478 at 14. In support of its opposition, the Government points out Overton's significant criminal history.

The sentence imposed in this case—which Overton seeks to reduce—is not Overton's first federal sentence; rather, he was previously convicted in this district of another drug offense for which he originally received a ninety-eight-month sentence. That sentence was subsequently reduced as a result of retroactive amendments to the Sentencing Guidelines. See United States v. Overton, No. 4:06cr389 (S.D. Ga.). Overton was released from custody in November 2011 to begin his four-year term of supervised release. Id. at Dkt. No. 19. His supervised release conditions were modified four times: in February 2013 for a positive drug test, id.; in April 2013 for a positive drug test, id., dkt. no.

11

21; in November 2013 for driving with a suspended license, <u>id.</u>, dkt. no. 23; and in April 2014 for a positive drug test, <u>id.</u>, dkt. no. 30. In October 2014, the Court revoked Overton's supervised release as a result of his arrest for vandalism after kicking in the back door of his ex-girlfriend's house while their children were sleeping, as well as his failure to notify his probation officer of a change to his residence, failure to be truthful with his probation officer, and failure to report to a residential reentry center as previously ordered. <u>Id.</u>, Dkt. No. 42. Upon revocation of his supervised release, Overton was sentenced to eight months' imprisonment. <u>Id.</u> Despite this previous federal conviction and revocation, Overton was federally charged and convicted of drug crimes in this case.

Furthermore, on August 14, 2017, prior to his sentencing in this case, Overton was arrested by state authorities for armed robbery (not related to his federal arrest) in Chatham County, Georgia. After sentencing by this Court, Overton was sentenced in state court to fifteen years (two years to serve, thirteen suspended) for the reduced offense of criminal attempt to commit armed robbery.

Again, it is Overton's burden to prove he qualifies for compassionate release. <u>Willingham</u>, 2020 WL 2843223, at *2. Though he might have shown that his medical conditions qualify as "extraordinary and compelling reasons," he has not shown the Court

that the § 3142(g) and the § 3553 factors support his release. In light of Overton's significant criminal history and the seriousness of those offenses, as well as his history of noncompliance with supervised release conditions, the Court uses its discretion to **DENY** Overton's release.

## CONCLUSION

For all of these reasons, Overton's motion for compassionate release, dkt. nos. 476, 477, is **DENIED**.

**SO ORDERED**, this 22 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA